[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 30, 1992 the defendant filed with the clerk of the Superior Court for the District of Fairfield a notice of condemnation and assessment of damages for the plaintiff's property for the purpose of layout, alteration, extension and improvement of the highway known as Route 111. The defendant assessed damages in the amount of $20,000. pursuant to Connecticut General Statutes Section 13a-73 (b).
The premises so taken by the Commissioner are situated in the Town of Monroe and are bounded and described as follows:
 Said premises consist of two parcels with appurtenances and are situated in the Town of Monroe, County of Fairfield and State of Connecticut, containing a total area of 0.072 of an acre, more or less, bounded and described as follows:
 Parcel No. 1 situated on the northwesterly side of Present Spring Hill Road, containing 0.050 of an acres, more or less, and bounded:
 SOUTHEASTERLY — By present Spring Hill Road, 80 feet, more or less;
 NORTHWESTERLY — By Owner's remaining land, 118 feet, more or less, by a line
 NORTHERLY AND designated "Taking Line," as shown on the map hereinafter
NORTHEASTERLY referred to;
 Parcel No. 2 situated on the westerly side of Present Route 111, Monroe Turnpike, containing 0.022 of an acre, more or less, and bounded:
 EASTERLY — By Present Route 111, Monroe Turnpike, 66,08 feet; CT Page 3757
 SOUTHEASTERLY — By Present Spring Hill Road, 28 feet, more or less;
 WESTERLY — By Owner's remaining land, 95 feet, more or less, by a line I designated "Taking Line," as shown on the map hereinafter referred to;
 NORTHEASTERLY — By Present Purdy Hill Road, 12 feet, more or less.
 Said premises contain an area of 0.072 of an acre, more or less, together with appurtenances of all which more particularly appear on a map entitled: "TOWN OF MONROE MAP SHOWING LAND ACQUIRED FROM JOSEPHINE GANIM et al BY THE STATE OF CONNECTICUT RECONSTRUCTION OF CONN. ROUTE 111 SCALE 1"=40 JULY 1991 ROBERT W. GUBALA (144-159-30)
 Said premises are taken together with the following easements and right:
 1. A full and perpetual easement to slope for the support of the highway, within a total area of 0.006 of an acre, more or less, and located between and opposite approximate Stations 91+92 and 92+0 left, and 92+55 and 93+90 left, Grade Line, Present Route 111, Monroe Turnpike, as more particularly shown on said map.
 2. A full and perpetual easement for sight line within an area of 0.020 of an acre, more or less, and located between and opposite Station 92+68 and approximate Station 93+85 left, said Grade Line, as more particularly shown on said map.
 3. A right to install sedimentation control system within a distance of 160 linear feet, more or less, and located between and opposite approximate Stations 92+55 and 93+90 left, said Grade Line, as more particularly shown on said map. Said right shall terminate automatically upon completion of the work by the State.
The issue involved is what is the fair market value of the plaintiff's land taken on July 30, 1992. CT Page 3758
Said plaintiff's property was located in a Limited Office Zone of Monroe planning and zoning.
The entire property before the acquisition had three road frontages and consisted of 2.08 acres or 90,605 square feet. After the take, two acres or 87,039 square feet.
Also, taking easements were taken, a slope easement on Route 111, a perpetual site line easement and a temporary sediment control easement.
A discontinuance of travel on Spring Hill Road to Route 111 from a cul-de-sac was also engineered by the defendant in its condemnation of plaintiff's parcel of land and roads.
Appraisals for the plaintiffs and defendant employed the comparable approach to market value of the property taken and both appraisers presented the before and after the partial acquisition by the defendant.
Based on their knowledge, experience and inspection, the plaintiff's appraiser reached the value of the property before the take at $322,800. The value after the take at $203,000. The combined based value of the damages caused by the taking of 3,566 square feet of land and the temporary easements and the building reduction to be $119,000.
The defendant's appraiser reached the value of plaintiff's property before the take at $500,000., paid $20,000. in charges, leaving an after the take value at $480,000.
The plaintiff's property where the roads and the land portion were acquired were and still is vacant. A damaged home unoccupied and vacant is on the premises.
Therefore, the two remaining acres is allowable for its highest and best use to improve to a limited office building. Although an office building would comply with zoning regulations that it would fit on 1.5 acre of the land as required. Land area on which the office building might be put would be 713 square feet smaller as a result of the land take. Two floors would be a loss of best use of 1,426 square feet in the improvement use.
It is not of any means that future income would be less, CT Page 3759 and therefore damages. Damages only are relevant for fair market value on the date of condemnation.
Fair market value and entitlement in value is just compensation. Future property income or money growth from compensation is irrelevant and immaterial to the issues of this case of action.
In the determination of fair market value of unimproved land having a high and best permissible zone use, the income of an hypothetical improvement employing comparative prospective is irrelevant, speculative and immaterial. A future revenue of unbuilt improvement has no relation or support to fair market value on the date land was acquired.
As part of the hearing, the court and counsel on both sides viewed the subject property and the taking and changes in the land on Route 111 as well as the land changes and of Spring Hill Road and Present Hill Road. The court also viewed the near neighborhood.
It is found that the fair market value of property taken by the defendant is $45,500.
The plaintiff is entitled to the deficiency $25,500. above $20,000.
The rate of interest on the additional money for fair market value is 5.5% uncompounded until paid.
The plaintiff is entitled also to appraiser fees which she is obligated to pay of $2,000.
MICHAEL J. SICILIAN STATE TRIAL REFEREE